**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TIMOTHY LEROY WILLIAMS, | Case No. 2:16-cv-00019-APG-CWH |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN E. WILLIAMS, SR, et al., | |
| Respondents. | |

This *pro se* habeas matter under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss petitioner Timothy Leroy Williams' petition (ECF No. 9). Williams opposed (ECF No. 17), and respondents replied (ECF No. 18).

**I.      Procedural History and Background**

On April 14, 2011, Williams pleaded guilty to two counts of burglary (exhibit 5).[1]  The state district court adjudicated Williams a habitual criminal and sentenced him to five to twenty years.  Exh. 10.  Judgment of conviction was entered on September 1, 2011.  *Id.*  Williams did not file a direct appeal.

Williams filed a motion to correct an illegal sentence on April 23, 2012.  Exh. 13.  The state district court denied the motion, and the Nevada Supreme Court affirmed that denial.  Exhs. 22, 33.

Also on April 23, 2012, Williams filed a state postconviction habeas corpus petition.  Exh. 74.  The Nevada Court of Appeals affirmed the denial of the counseled petition on November 24, 2015, and remittitur issued on December 14, 2015.  Exhs. 70, 73.

On December 11, 2015, Williams dispatched his federal habeas petition for filing (ECF No. 7).  Respondents now argue that portions of grounds 1 and 2 are unexhausted (ECF No. 9).

---

[1] The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 9, and are found at ECF Nos. 10-13.

1

## II.     Legal Standard for Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."  *Hiivala*, 195 F.3d at 1106.  However, citation to state case law that applies federal

constitutional principles will suffice.  *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**III.    Instant Petition**

**Ground 1**

Williams contends that his counsel rendered ineffective assistance in violation of his Sixth Amendment rights (ECF No. 7, p. 3).  This court divides ground 1 into two parts.

In ground 1A Williams alleges that counsel pressured him into accepting the plea deal with "a closed folder" that purportedly contained evidence against petitioner, but that only reflected convictions for shoplifting and obtaining money under false pretenses.  Williams alleges that counsel failed to investigate his mental health concerns and drug addiction, failed to verify his employment and education and failed to investigate the charges against him.  *Id.*

As ground 1B Williams asserts that at sentencing counsel failed to object to the weight, severity and content of the prior convictions, even after the state district court expressed concerns.  Williams argues that counsel failed to object when he was sentenced under the habitual criminal statute without being sentenced on the two counts and failed to object to the disproportionate sentence.  *Id.*

Respondents are correct that, while Williams presented claims that his counsel was ineffective at sentencing to the Nevada Court of Appeals in his appeal of the denial of his state postconviction petition, Williams did not present claims that his counsel pressured him into accepting the plea deal or failed to investigate Williams' mental health, drug addiction, and employment and education history (ECF No. 9, p. 7; exh. 66).  Accordingly, ground 1A is unexhausted.  Ground 1B is exhausted.

**Ground 2**

Williams contends that his adjudication as a habitual criminal is excessive and disproportionate and violates his Eighth Amendment rights to be free from cruel and unusual punishment (ECF No. 7, p. 5).  Respondents note that Williams did not present this claim in either his motion to correct an illegal sentence or his appeal of the denial of his state postconviction petition (ECF No. 9, pp. 8-9; *see* exhs. 13 and 66).  In his appeal of the denial of his postconviction petition, Williams referred to the Eighth Amendment and asserted that his sentence was excessive, but that was in the context of his claim that counsel was ineffective at sentencing.  An ineffective assistance of counsel claim cannot serve to exhaust the underlying substantive claim.  *Rose v. Palmateer*, 395 F.3d 1108, 1111-1112 (9th Cir. 2005).  Ground 2 is, therefore, unexhausted.

**IV.    Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.  *Id.*  In the instant case, the court determines that ground 1A and ground 2 are unexhausted.  Because the court finds that the petition contains unexhausted claims, petitioner has these options:

> 1.    He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2.      He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.      He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits.  *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Cf.*  28 U.S.C.  § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Thus, if Williams wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless.  Respondent would then be granted an opportunity to respond, and petitioner to reply.  Or, Williams may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed.  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## V.    Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 9) is **GRANTED**.  Ground 1A and ground 2 are unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: 2 March 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE